IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-05-405** |
| | : | |
| | : | **(Judge Rambo)** |
| **v.** | : | |
| | : | |
| | : | |
| **DARYL DENNISON** | : | |

# M E M O R A N D U M

Before the court is Defendant's pretrial motion (Doc. 40) seeking to sever Count 1 of the Superceding Indictment from the remaining Counts. The parties have briefed the issue, and the matter is ripe for disposition. For the reasons that follow, the court will deny Defendant's motion.

## I.      <u>History</u>

On October 12, 2005, the Grand Jury returned an Indictment (Doc. 1) charging Defendant Daryl Douglas Dennison, a/k/a "Smick" with violations of 18 U.S.C. § 924(e) (armed career criminal in possession of firearms and ammunition) and 18 U.S.C. § 922(g)(1) (felon in possession of firearms) (Count 1)[1]; and distribution and possession with intent to distribute five grams and more of crack cocaine in violation of 21 U.S.C. § 841 (Count 2).

---

[1]Count 1 of the supporting indictment is entitled Armed Career Criminal in Possession of a Firearm or Ammunition; however, as the court will explain, § 924(e) does not create a separate offense. Therefore, the court will construe Count 1 of the indictment to based upon § 922(g)(1). With respect to § 924(e), the court finds that Count 1 sufficiently places Defendant on notice that the enhancement factors included therein may apply to Defendant during the sentencing phase.

Case 1:05-cr-00405-SHR   Document 57   Filed 05/04/06   Page 2 of 7

The Government filed a Superceding Indictment (Doc. 29) on February 15, 2006 that repeated Count 1 of the October 12, 2005 Indictment. Count 2 was modified, charging Defendant with distribution of crack cocaine with Co-defendant Latoya Ross (amount 50 grams or more), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In addition, the Superceding Indictment charged Defendant with criminal conspiracy to distribute and possession with intent to distribute crack cocaine with Co-defendant Latoya Ross (amount 50 grams or more), in violation of 21 U.S.C. § 846 (Count 3); possession of firearms in furtherance of drug trafficking with Co-defendant Latoya Ross, in violation of 18 U.S.C. § 924(c)(1)(A)(I), and (ii) and § 2 (Count 4).[2]

On January 12, 2006, Defendant filed a pretrial motion and supporting brief (Docs. 21, 22) seeking to sever the counts pending against him. The Government responded to Defendant's motion (Doc. 25), and subsequently filed the Superceding Indictment. In response to the Superceding Indictment, Defendant filed a second pretrial motion and supporting brief (Docs. 40, 41) that incorporated his previous arguments on March 20, 2006. On April 18, 2006, the court issued an order indicating that the Government's response to Defendant's initial pretrial motion sufficiently addressed Defendant's successive argument, and the court provided Defendant with seven days to file a reply brief. Defendant did not file a reply brief.

Relevant to the instant motion are the following facts. The Government alleges Defendant was in possession of a 9mm pistol on July 29, 2005. Specifically, the Government alleges that subsequent to responding to a call of shots fired and

---

[2]Count 5 of the Superseding Indictment charges Latoya Ross only with possession of a firearm with obliterated serial numbers in violation of 18 U.S.C. § 922(k).

2

upon receiving a description of one of the suspects involved, officers chased and apprehended Defendant.  The officers recovered the 9mm pistol from behind a vehicle that Defendant was observed ducking behind.  No drugs were recovered as a result of the July 29, 2005 incident.  The July 29, 2005 incident constitutes part of Count 1 (felon in possession of firearms); however, Count 1 also charges Defendant with possession of unspecified firearms.  The remaining charges brought against Defendant revolve around the alleged distribution of crack cocaine (Counts 2, 3), as well as possession of firearms in furtherance of the alleged drug trafficking (Count 4).

## II.        **Legal Standard**

Federal Rule of Criminal Procedure 8 permits joinder of offenses charged against a single defendant.  Rule 8(a) provides in relevant part that

> [t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).  While Rule 8(a) allows for joinder, Rule 14 provides that

> [i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

## III.       **Discussion**

Defendant first argues that the events of July 29, 2005, which form in part the allegations brought under Count 1 are not based on the same transaction or

3

act as the remaining drug related counts.  However, as noted, Count 1 refers to *firearms*, thus, Count 1 is not limited to the one firearm alleged to be possessed by Defendant on July 29, 2005.  Moreover, the Superceding Indictment also charges Defendant with possession of a firearm in furtherance of drug trafficking.  The Government asserts that it has numerous witnesses who will testify that Defendant utilized firearms during drug transactions.  (Gov't's Resp. at 2-3.)  The court finds that Defendant's alleged possession of firearms is based upon the same transaction and/or connected with or constitutes parts of the same scheme or plan as the alleged drug distribution.  *See United States v. Gorecki*, 813 F.2d 40, 41 (3d Cir. 1987).  The court will deny Defendant's motion based upon this argument.

Second, Defendant argues that Count 1 should be severed from the remaining counts under Federal Rule of Criminal Procedure 14, which provides relief from prejudicial joinder.  As noted, Count 1 of the indictment charges Defendant under 18 U.S.C. § 922 (g)(1) (felon in possession of a firearm), as well as provides notice to Defendant that he may be sentenced under 18 U.S.C. § 924(e) (armed career criminal in possession of a firearm and ammunition).  Defendant argues that he will suffer prejudice because the government will be required to submit evidence at trial that he has been convicted of three or more violent felonies. Defendant is mistaken.

Section 924(e) is a sentence enhancement and does not create a separate offense.  *United States v. Mack*, 229 F.3d 226, 231 (3d Cir. 2000).  An enhancement under 924(e) is based upon judicial determination and need not be submitted to a jury.  *U.S. v. Hawkins*, 811 F.2d 210, 220 (3d Cir. 1987); *see also U.S. v. Greer*, 440 F.3d 1267 (11th Cir. 2006).  As provided by *Hawkins*:

> We conclude that the members of Congress viewed the Armed Career Criminal Act as a statute providing for an enhanced penalty, and we construe it consistently with that

4

> legislative intent. It follows that [the defendant's] prior convictions . . . was not an element of the offense that needed to be charged or presented to the jury, but rather was a matter to be considered by the district court in sentencing.

*Hawkins*, 811 F.2d at 220.

The court is mindful that judicial determination of other factors has been held to be unconstitutional; however, prior convictions for purposes of sentence enhancement may be judicially determined. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *see also United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005) ("[T]here is no language in [*U.S. v. Booker*, 543 U.S. 220 (2005)] suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions, without submitting those issues to the jury.").

Therefore, the Government need not present the evidence that Defendant suggests; rather, the Government need only produce evidence that Defendant has been convicted of a crime that carried a penalty of imprisonment of over one year. Accordingly, the evidence that the Government can present will be limited.[3] Defendant's motion with respect to this argument will be denied.

---

[3]The court notes that if Defendant chooses to testify during trial the Government may be able to produce additional evidence with respect to Defendant's felony convictions for purposes of impeachment.

## IV.        Conclusion

In accordance with the foregoing discussion, Defendant's motion to sever Count 1 from the remaining counts of the Superceding Indictment will be denied.  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  May 4, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-05-405** |
| | : | |
| | : | **(Judge Rambo)** |
| **v.** | : | |
| | : | |
| | : | |
| **DARYL DENNISON** | : | |

# O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT** Defendant's pretrial motion (Doc. 40) is **DENIED.**

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  May 4, 2006.